BRETT L. TOLMAN (#8821), United States Attorney
DANIEL D. PRICE (#2646), Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, UT 84111
(801) 325-3234 (PHONE)   (801) 524-6924 (FAX)
daniel.price2@usdoj.gov

JEREL L. ELLINGTON (*Pro hac vice*)
Senior Counsel, Environmental Enforcement Section
United States Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80206
(303) 844-1363 (PHONE)   (303) 844-1350 (FAX)
jerry.l.ellington@usdoj.gov

*Attorneys for the United States of America*

MARK L. SHURTLEFF (#4666), Utah Attorney General
FRED G NELSON (#2383), Assistant Attorney General
160 East 300 S, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0285 (PHONE)   (801) 366-0292 (FAX)
fnelson@utah.gov

*Attorneys for the State of Utah*

FILED
U.S. DISTRICT COURT
2007 JUL -9 A 10: 59
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF UTAH,<br><br>*Plaintiffs,*<br><br>vs.<br><br>KENNECOTT UTAH COPPER CORPORATION,<br><br>*Defendant.* | Case: 2:07cv00485<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 7/9/2007<br>Description: USA et al v. Kennecott Utah Copper<br><br>**COMPLAINT** |

Plaintiff, the United States of America, by its undersigned attorneys, by the authority of the Attorney General of the United States, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and co-plaintiff the State of Utah, by its undersigned attorneys, for and on behalf of the Utah Department of Environmental Quality ("UDEQ"), allege that:

## NATURE OF ACTION

1.  This is a civil action brought by the United States pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. §§ 9606 and 9607, and by the State of Utah for claims, related to those of the United States, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and the Utah Hazardous Substances Mitigation Act ("Mitigation Act"), UCA Section 19-6-301 et seq. or UCA Section 19-6-115 of the Utah Solid and Hazardous Waste Act ("Hazardous Waste Act"), against Kennecott Utah Copper Corporation (defendant or "KUCC").

2.  Plaintiffs' claims relate to the environmental cleanup of contaminated groundwater in Salt Lake County, Utah, being addressed as part of Operable Unit 2 ("OU2") of the Kennecott South Zone Site. Specifically, this action concerns the "Zone A," also known as the "acid plume" portion, of the groundwater contamination addressed by the applicable remedial decision documents issued by EPA for OU2, with the concurrence of the State, pursuant to CERCLA and the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

3.  The United States seeks: (a) reimbursement of response costs incurred for response actions in connection with the release or threatened release of hazardous substances addressed by OU2, together with accrued interest; (b) the performance of response actions at the

OU2 Site (as further described below); and (c) declaration of liability for future costs incurred by the United States associated with response actions at OU2.

4. The State seeks a declaration of KUCC's liability for costs that UDEQ may incur in the future in overseeing KUCC's performance of response actions pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and for the performance of environmental response actions at the OU2 Site (as further described below) pursuant to the Mitigation Act or Hazardous Waste Act.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action and the parties hereto pursuant to Sections 106, 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607 and 9613(b), and 28 U.S.C. §§ 1331, 1345, and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the OU2 Site is located, the defendant resides, and the release(s) or threatened release(s) of hazardous substances which are the subject of this action occurred in this judicial district.

## DEFENDANT/PREDECESSORS-IN-INTEREST

7. Defendant KUCC is a corporation organized under the laws of Delaware and maintains corporate headquarters in Salt Lake City, Utah. KUCC is actively mining, milling, and smelting ore in the Oquirrh Mountains south of the Great Salt Lake. KUCC's operation principally includes: (i) a large open pit copper mine (the "Bingham mine") and associated waste rock dumps; (ii) a concentrator which processes ore from the Bingham pit; (iii) a smelter where copper anodes are produced from copper concentrate; (iv) a refinery that produces copper cathodes and precious metals including gold and silver; (v) a large tailings impoundment near the

Great Salt Lake (the "North Tailings Facility") where tailings from the concentrator are slurried; (vi) conveyance systems connecting all the preceding facilities; and (vii) miscellaneous and ancillary facilities (historic, environmental response, or operation-related).

8. KUCC and its corporate predecessors have had extensive mining operations in the historic Bingham Canyon mining district, which has now been subsumed into the Bingham mine, since the beginning of the 20th century. The corporate history of KUCC is as follows.

9. Utah Copper Corporation ("Utah Copper") was first incorporated in Colorado in 1903 and reorganized in 1904 as a New Jersey corporation. In 1910 Boston Consolidated Mining Company merged into Utah Copper Company.

10. Kennecott Copper Corporation ("Kennecott Copper NY") was incorporated in New York in 1915 as a holding company for the Guggenheim family's copper properties. Kennecott Copper NY acquired 25% of Utah Copper stock on December 14, 1915, and increased its holdings to 76% in April 1923, through a stock exchange. In 1936, Kennecott Copper NY organized the Copper Corporation of Utah, which on November 9, 1936, acquired Utah Copper by merger. Later that month Kennecott Copper NY acquired all of the remaining stock of Utah Copper, making Utah Copper a wholly owned subsidiary of Kennecottt Copper NY.

11. Utah Copper was dissolved in 1946 and its assets were transferred to Kennecott Copper NY. In 1947 the Utah Copper Division was officially organized as an operating division of Kennecott Copper NY. The Utah Copper Division of Kennecott Copper NY continued Utah Copper's operations into the future even as the corporation's name was changed, a merger occurred, and the assets of the Utah Copper Division were transferred and assigned as follows.

    a. Kennecott Copper NY's name was changed to Kennecott Corporation in

- 4 -

1980.

        b.        Kennecott Copper NY, then known as Kennecott Corporation, merged with a subsidiary of The Standard Oil Company of Ohio ("SOHIO") in 1981. As a result of the merger Kennecott Copper NY, then known as Kennecott Corporation, became a wholly owned subsidiary of SOHIO.

        c.        On December 17, 1986, another Kennecott Corporation was organized under the laws of Delaware as a subsidiary of SOHIO ("Kennecott DE").

        d.        On December 31, 1986, Kennecott Copper NY, then known as Kennecott Corporation, changed its name to Kennecott Mining Corporation.

        e.        On May 1, 1987, the Utah Copper Division's Bingham Canyon assets were transferred from Kennecott Copper NY, then known as Kennecott Mining Corporation, to Kennecott DE. Kennecott DE assumed all liabilities of Kennecott Copper NY (then known as Kennecott Mining Corporation) "which may have arisen or which may arise from the operation of the Bingham Canyon open pit mine and related facilities."

        f.        On May 11, 1987, Kennecott Copper NY, then known as Kennecott Mining Corporation, changed its name to Industrial Holdings Corporation.

        g.        The British Petroleum Company PLC ("BP") acquired SOHIO in 1987 and formed BP Minerals America. Kennecott DE's Utah Copper Division then became Kennecott Utah Copper, an operating division of BP Minerals America.

15.        RTZ Corporation PLC ("RTZ") purchased SOHIO's mineral division, including Kennecott Utah Copper, in 1989. The purchase was completed in a series of steps.

        a.        Usever, Inc. ("Usever") was incorporated in Delaware as a subsidiary of

RTZ on March 7, 1989. Usever was to act as the parent of numerous subsidiary companies which would receive various assets and stock from SOHIO. One such subsidiary was Gazelle Corporation ("Gazelle"), also a Delaware corporation.

    b. In June 1989, Kennecott DE transferred the Bingham Canyon real property assets of Kennecott Utah Copper to SOHIO, Kennecott DE's parent corporation. SOHIO then assigned those real properties to Gazelle. The remaining Bingham Canyon assets, including real, personal or mixed, tangible or intangible property, were conveyed directly from Kennecott DE to Gazelle pursuant to a Comprehensive Bill of Sale dated June 30, 1989. Kennecott DE changed its name to Service Station Holdings, Inc. on July 1, 1989.

    c. On June 30, 1989, Usever changed its name to Kennecott Corporation. On that same day, Gazelle changed its name to Kennecott Utah Copper Corporation, which is the named defendant in this action ("KUCC"). Gazelle is a wholly-owned subsidiary of Kennecott Corporation, which in turn is a wholly-owned subsidiary of RTZ Corporation PLC.

## SITE DESCRIPTION AND HISTORY

17. In 1986 the State filed a complaint in the United States District Court for the District of Utah (Civil Action No. 86-C-0902G) seeking natural resource damages for injuries to the groundwater impaired by releases of hazardous substances from the past mining operations at or near the Bingham mine and the past diversion of the flow of Bingham Creek by KUCC or its corporate predecessors. That action was resolved by a Consent Decree among the State and its Trustee for the State's natural resources, the Salt Lake County Water Conservancy District which intervened in that action, and KUCC. The Consent Decree was approved and entered by the Court on August 21, 1995 (the "NRD CD").

18. In 1994 EPA proposed listing the Kennecott South Zone Site and the Kennecott North Zone Site on the National Priorities List. The proposed listings were deferred to facilitate a streamlined environmental investigation and cleanup. The Kennecott South Zone Site and Kennecott North Zone Site were divided into 24 separate operable units consistent with program principles of the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.430(a).

19. The Kennecott South Zone Site encompasses the historic Bingham Canyon mining district, surrounding areas, and areas impacted by releases or threatened releases of hazardous substances from mining operations in the area. Groundwater potentially impacted by releases of hazardous substances from the past mining operations at or near the Bingham mine and the past diversion of the flow of Bingham Creek was designated by EPA, with the concurrence of the State, as OU2.

20. On December 13, 2000, EPA and UDEQ signed a Record of Decision ("ROD") for cleanup of OU2. The ROD includes a responsiveness summary to the public comments. Notice of the final plan was published in accordance with Section 117(b) of CERCLA, 42 U.S.C. § 9617(b). Subsequent to the ROD's issuance, EPA has issued two Explanation of Significant Differences ("ESD") in June 2003 and June 2007. The ROD, as modified by the ESDs, will be referred to collectively as the "OU2 ROD." The OU2 ROD provides the selected remedy for OU2.

21. The OU2 ROD describes two plumes of groundwater contamination. The two plumes are referred to in the OU2 ROD as the Zone A and Zone B plumes, and which are also known respectively as the "acid" and "sulfate" plumes.

22. The Zone A plume consists of the portion of the shallow aquifer contaminated by

acid leachates from past leaching of the waste rock dumps and other contaminated waters from the Bingham Canyon mining district. The Zone A plume emanates from an acidic core area which is approximately two square miles in size, covering approximately 160 acres, and has elevated levels of hazardous substances including lead, arsenic and cadmium (hereinafter referred to as the "OU2 Site").

23. The OU2 ROD selected a long-term remedy for the Zone A plume, and which is the subject of this action.

## FIRST CLAIM FOR RELIEF
(United States' Claim under Section 107 of CERCLA)

24. Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. KUCC is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

26. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) provides, in pertinent part:

> (1) the owner and operator of a vessel or a facility,
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .
>
> shall be liable for–
>
> (A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan . . . .

27. KUCC, and one or more of its corporate predecessors, is within the class of persons described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

28. KUCC, and one or more of is corporate predecessors, is and/or was the owner and/or operator of mines, waste rock dumps, or other mining facilities within or below Bingham

Canyon.

29.     One or more of the mines, waste rock dumps, or other mining facilities, or a combination thereof, which KUCC owns and/or operates, or which one or more of its corporate predecessors owned and/or operated, is a "facility" within the meaning of Sections 107(a) and 101(9) of CERCLA, 42 U.S.C. §§ 9607(a) and 9601(9).

30.     KUCC, or one or more of its corporate predecessors, was the owner and/or operator of a facility at the time of mine wastes containing lead, arsenic, and cadmium were disposed.

31.     Lead, arsenic, and cadmium are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and are listed at 40 C.F.R. Part 302, Table 302.4 (1989).

32.     Hazardous substances disposed of at and/or released from the facilities owned and/or operated by KUCC, or one or more of its predecessors-in-interest, have come to be located within the OU2 Site.

33.     The OU2 Site is a "facility" within the meaning of Sections 107(a) and 101(9) of CERCLA, 42 U.S.C. §§ 9607(a) and 9601(9).

34.     There has been a "release" or a "threatened release" of a hazardous substance within and/or from one or more of the "facilities," or a combination thereof, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

35.     EPA conducted a "remedial action" as defined in Section 101(24) of CERCLA, 42 U.S.C. § 9601(24), in response to the release or threat of release of hazardous substances at the OU2 Site. The remedial action included overseeing and monitoring the work KUCC has

performed and will perform in future at the OU2 Site under the OU2 ROD.

36. The actions taken by the United States in connection with the OU2 Site constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). The United States has incurred at least $4 million of response costs in connection with such actions. The response costs were incurred not inconsistent with the NCP.

37. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), KUCC is liable to the United States for all response costs, incurred in performing the remedial actions as selected by EPA in the OU2 ROD.

38. Pursuant to Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), the Court should enter a declaratory judgment that KUCC is liable for further response costs to be incurred by EPA in connection with the OU2 Site.

## SECOND CLAIM FOR RELIEF
(United States Claim under Section 106 of CERCLA)

39. Paragraphs 1 through 38 are realleged and incorporated herein by reference.

40. There is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of hazardous substances at or from the OU2 Site within the meaning of Section 106(a) of CERCLA, 42 U.S.C. § 9606(a).

41. To abate such danger or threat the Court should order KUCC to fully and timely complete all remedial actions, including construction, operation, and maintenance, monitoring, and reporting, and any other activities, as set forth in the OU2 ROD and in a work plan, to be submitted by KUCC and approved by EPA with the concurrence of the State, for the implementation of all such response actions and operation and maintenance activities specified in

the OU2 ROD.

## THIRD CLAIM FOR RELIEF
(State's Claim under Section 107 of CERCLA)

42. Paragraphs 1 through 38 are realleged and incorporated herein by reference.

43. The State may incur future costs to oversee work by KUCC to implement the OU2 ROD, to enforce KUCC's obligations to complete the remedial action selected in the OU2 ROD, or for other activities which constitute "response actions" within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

44. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), KUCC will be liable to the State for all its response costs incurred not inconsistent with the NCP which concern or relate to the OU2 Site.

45. There is an actual controversy between the State and KUCC regarding KUCC's future liability to reimburse the State for costs incurred by the State for those matters described above.

46. The Court should enter an order as to KUCC's liability to the State under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

## FOURTH CLAIM FOR RELIEF
(State's Claim under the Mitigation and Hazardous Waste Acts)

47. Paragraphs 1 through 38 are realleged and incorporated herein by reference.

48. There is or may be a "direct and immediate threat to public health or the environment" by the release of hazardous materials at or from the OU2 Site within the meaning of UCA Section 19-6-309 of the Mitigation Act, and there is or may be an "imminent and substantial danger to health or the environment" for release of solid or hazardous waste within

the meaning of UCA Section 19-6-115 of the Hazardous Waste Act.

49. There is an actual controversy between the State and KUCC regarding KUCC's future liability to take abatement action under the Mitigation and Hazardous Waste Acts.

50. The Court should enter an order as to KUCC's liability to the State to abate such threat by fully and timely completing all remedial actions, including construction, operation, and maintenance, monitoring, and reporting, and any other activities for the implementation of all such abatement actions and operation and maintenance activities necessary to comply with Utah Code Annotated Section 19-6-309 and Utah Code Annotated Section 19-6-115.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs the United States of America and the State of Utah pray that this Court:

A. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), enter judgment in favor of the United States and against KUCC for response costs incurred by the United States in connection with the OU2 Site in the amount of at least $5,000,000 together with prejudgment interest and enforcement costs;

B. Pursuant to Section 113(g) of CERCLA, enter a declaratory judgment that KUCC is liable to the United States for future response costs incurred in connection with OU2;

C. Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), grant the United States affirmative injunctive relief requiring KUCC to abate the danger or threat associated with the OU2 Site;

D. Enter an order declaring that KUCC is liable for costs that the State may incur in the future in overseeing response actions at the OU2 Site pursuant to Section 107 of CERCLA,

42 U.S.C. § 9607;

    E.    Enter an order granting the State of Utah affirmative injunctive relief requiring KUCC to perform actions pursuant to the Utah Hazardous Substances Mitigation Act, UCA Section 19-6-301 et seq., or UCA Section 19-6-115 of the Utah Solid and Hazardous Waste Act; and

    F.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


JEREL ("JERRY") L. ELLINGTON
Senior Counsel
Environmental Enforcement Section
United States Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80206
(303) 844-1363 (PHONE)
(303) 844-1350 (FAX)
jerry.l.ellington@usdoj.gov

BRETT L. TOLMAN (#8821)
United States Attorney


/s/ Daniel D. Price
_____
DANIEL D. PRICE (#2646)
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, UT 84111
(801) 325-3234 (PHONE)
(801) 524-6924 (FAX)
daniel.price2@usdoj.gov

MARK L. SHURTLEFF (#4666)
Utah Attorney General


*[signature: Fred S. Nelson]*

FRED G NELSON (#2383)
Assistant Attorney General
160 East 300 S, 5th Floor
Salt Lake City, Utah  84114
(801) 366-0285 (PHONE)
(801) 366-0292 (FAX)
fnelson@utah.gov

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA, and STATE OF UTAH

## DEFENDANTS
KENNECOTT UTAH COPPER CORPORATION

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Salt Lake County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
U.S. DISTRICT COURT
2007 JUL -9  A 11:00
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attached

Attorneys (If Known)
See Attached

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§ 9606 & 9607
Brief description of cause:
Recover costs incurred by the United States for OU2 of the Kennecott South Zone Site and declaration of liability for future response costs for the State of Utah

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 7/9/07
SIGNATURE OF ATTORNEY OF RECORD
Daniel D. Price

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____

Case: 2:07cv00485
Assigned To : Kimball, Dale A.
Assign. Date : 7/9/2007
Description: USA et al v. Kennecott Utah Copper

CIVIL COVER SHEET ATTACHMENT

I. (c.)

**Attorneys for Plaintiffs**

Daniel D. Price, Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, UT 84111
(801) 325-3234 (Phone)
(801) 524-6924 (Fax)
daniel.price2@usdoj.gov

Jerel L. Ellington
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1363 (Phone)
(303) 844-1350 (Fax)
jerry.l.ellington@usdoj.gov

*Attorneys for the United States of America*


Fred G. Nelson
Assistant Attorney General
160 East 300 S, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0285 (Phone)
(801) 366-0292 (Fax)
fnelson@utah.gov

*Attorney for the State of Utah*


**Attorney for Defendant**

Kenneth R. Barrett
Kennecott Utah Copper Corporation
8291 West 3595 South
Magna, Utah 84044-6001