IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF UTAH,<br><br>    Plaintiff,<br><br>vs.<br><br>KENNECOTT UTAH COPPER CORPORATION,<br><br>    Defendant. | ORDER<br><br>Case No. 2:07CV485DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Thomas A. Belchak and Reynaldo B. Pinacate's Motion for Permissive Intervention brought pursuant to CERCLA, 42 U.S.C. § 9613(i), and Rule 24 of the Federal Rules of Civil Procedure. The United States and State of Utah filed a joint opposition to the motion, and Kennecott Utah Copper Corporation ("KUCC") filed an opposition to the motion. None of the parties have requested oral argument on the motion. The court has carefully considered the memoranda submitted by the parties and the law and facts relevant to the motion. Now being fully advised, the court enters the following order.

BACKGROUND

On July 9, 2007, the United States and State of Utah filed a Complaint and Consent Decree with KUCC regarding the cleanup of contaminated groundwater at a portion of the

1

Kennecott South Zone Site pursuant to CERCLA. The United States published notice of the lodging of the Consent Decree in the Federal Register on July 19, 2007, and solicited public comments. *See* 72 Fed. Reg. 39640. The State published notice in local newspapers and also solicited public comments. The public comment period ended on August 20, 2007. Belchak and Pinacate did not submit comments on the Consent Decree to the United States or the State of Utah. But they filed their Motion to Intervene in this court on August 20, 2007.

Belchak and Pinacate also filed a request for a public meeting. The United State and State of Utah responded, and the EPA held a public meeting on August 29, 2007. Belchak and Pinacate appeared at the meeting and commented on the lodged Consent Decree. The public meeting was transcribed and the United States has indicated that it will provide the court with a copy of the transcript.

Both Belchak and Pinacate are owners of deepwater underground wells in Salt Lake County. Belchak's well is located at approximately 4600 West 1000 South. Pinacate's well is located at approximately 3807 West 11800 South. Belchak and Pinacate claim that the underground aquifers from which their wells draw water have been polluted and contaminated by KUCC and its predecessors mining operations such that the water cannot be used for its highest and best use, including but not limited to potable water for domestic or similar uses. Belchak and Pinacate contend that the Consent Decree does not include any present or future plan to address or remedy the sulfate contamination and pollution of Belchak's and Pinacate's underground wells.

**DISCUSSION**

Belchak and Pinacate's motion for permissive intervention is brought pursuant to CERCLA and Rule 24 of the Federal Rules of Civil Procedure. Section 113(i) of CERCLA provides that any person may intervene in an action commenced under CERCLA when "such person claims an interest relating to the subject of the action, and is so situated that the disposition of the action may, as a practical matter, impair or impede the person's ability to protect that interest, unless the President or the State shows that the person's interest is adequately represented by existing parties." 42 U.S.C. § 9613(i).

A court must, therefore, consider whether: 1) the application is timely; 2) the applicant claims an interest relative to the property at issue; 3) the interest may as a practical matter be impaired; and 4) the interest is adequately represented by existing parties. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

Blechak and Pinacate have failed to show that they have a "direct, substantial, and legally protectable" interest in this CERCLA action. *Utah Ass'n of Counties*, 255 F.3d at 1251. Their interests arise from their ownership of contaminated underground wells. To the extent that these interests are public in nature, Belchak and Pinacate have a right to comment on the lodged consent decree but no intervention is necessary. The proper method to communicate to a court objections concerning a settlement decree under CERCLA is to submit objections through the CERCLA public comment process. *See City of Bloomington, Ind. v. Westinghouse Elec. Corp.*, 824 F.2d 531, 537 (7th Cir. 1987). Belchak and Pinacate have not been deprived of their right to submit public comments.

To the extent that Belchak's and Pinacate's interests are private causes of action

3

associated with the contamination of their private wells, those interests are not impacted by the Consent Decree.  The Consent Decree explicitly limits the effect on non-parties.  The Consent Decree also provides that "matters addressed in this settlement do not include any rights or liabilities . . . any person may have as to any quantity or quality of groundwater within or near the OU2 Site."  Therefore, the Consent Decree resolves KUCC's CERCLA liabilities to the State of Utah and the United States, not its liability to individuals.  This court has previously found this same type of provision to be fatal to a claim for intervention under CERCLA.  *Utah v. Kennecott Corp.*, 801 F. Supp. 533 (D. Utah 1992).

Furthermore, the State of Utah and the United States have demonstrated that they adequately represent Belchak and Pinacate's public interests with respect to KUCC's CERCLA liability.  There is a presumption that the government "will adequately represent persons who assert a public interest."  *Utah v. Kennecott Corp.,* 232 F.R.D. 392, 398 (D. Utah 2005).

Under the permissive intervention provisions of Rule 24 of the Federal Rules of Civil Procedure, a court, in its discretion can allow for intervention "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b).  The court should consider whether the intervention "will unduly delay or prejudice the adjudication of the rights of the original parties."  *Id.*

Belchak and Pinacate have not stated a claim that has a common question of law and fact with the present action.  There is no evidence or claim that the private rights of action the proposed intervenors may have against KUCC are related to KUCC's CERCLA liabilities.  The court finds that intervention would unduly delay the resolution of this matter.

## CONCLUSION

For the foregoing reasons, the Motion for Permissive Intervention by Proposed Intervenors Thomas A. Belchak and Reynaldo B. Pinacate is DENIED.

DATED this 30th day of November, 2007.

_____
DALE A. KIMBALL
United States District Judge